UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JAMES D. BROWN, | Civil File No. 05-1585 (RHK/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| F.B.O.P. and<br>DAN CANSINO, and<br>MARY HAUGEN, | |
| Defendants. | |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 4.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed without prejudice.

Plaintiff commenced this action on July 29, 2005, by filing a complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) He did not pay the $250 filing fee prescribed by 28 U.S.C. § 1914(a), but instead submitted the application for IFP status that is now before the Court.

Because Plaintiff is an inmate at the Federal Medical Center in Rochester, Minnesota, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA"). This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $16.80. However, Plaintiff did not tender his statutorily required initial partial filing fee with his complaint and IFP application. Therefore, by order dated August 1, 2005, (Docket No. 5), Plaintiff was directed to tender the required partial fee payment of $16.80 within twenty days. The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due. Indeed, the Court has received no further communication from Plaintiff since he filed his original complaint and IFP application approximately six weeks ago. Therefore, in accordance with the Court's prior order of August 1, 2005, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See also In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner lawsuit can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition

of cases").[1]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 4), be **DENIED**;

2. Plaintiff's motion for preliminary injunction, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: September 7, 2005

                                       s/ Arthur J. Boylan
                                       ARTHUR J. BOYLAN
                                       United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 22, 2005.**

---

[1] In light of the Court's recommendation that this action be dismissed for failure to prosecute, it is further recommended that Plaintiff's motion for preliminary injunction, (Docket No. 2), be denied.